**Order filed November 8, 2022**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00777-CV
_____

### FLOYD KENNETH BAILEY, JR. AND KENNETH CAMP BAILEY, Appellants

### V.

### ADAM PEAVY AND ADAM PEAVY PC, Appellees

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-06454**

---

## ORDER

After a "sealed first supplemental clerk's record" was filed in this court on March 25, 2021, our review determined that three specific documents (the unredacted version of "Defendants' Motion to Dismiss Pursuant to the Texas Citizens Participation Act" filed on August 31, 2020; "Exhibit 2 to Defendants' Motion to Dismiss Pursuant to the Texas Citizens Participation Act" filed on August 31, 2020; and "Exhibit 3 to Defendants' Motion to Dismiss Pursuant to the Texas Citizens Participation Act" filed August 31, 2020) contained in that filed record were missing every other page. Therefore, this court issued an order on July 26, 2022, requesting that the Harris County District Clerk file a supplemental

clerk's record containing the missing pages. We instructed the clerk in the order, that if the omitted pages were not part of the case file, to file a supplemental clerk's record certifying that those pages were not part of the case file. We further instructed the parties that, if those missing pages were not part of the case file, "it is incumbent on the parties to file a new motion to seal in the trial court with **complete** copies of the documents to be included in the sealed supplemental clerk's record." This is so the trial court can review the correct and complete documents for the purpose of sealing.

On August 5, 2022, the Harris County District Clerk filed a third supplemental clerk's record certifying that the missing pages were not part of the case file.

On September 22, 2022, a "'sealed' *corrected* supplemental clerk's record 'court ordered'" was filed in this court. That clerk's record contained (1) the trial court's March 23, 2021 order granting the parties' motion to permit sealed documents to be filed under seal in this court; (2) defendants' first supplemental designation of the clerk's record filed on May 18, 2021; (3) defendants' supplemental designation of the sealed clerk's record filed on February 15, 2021; (4) "Defendants Motion to Dismiss Pursuant to the Texas Citizens Participation Act" file-stamped September 19, 2022; (5) "Exhibit 2 to Defendants' Motion to Dismiss Pursuant to the Texas Citizens Participation Act" file-stamped September 19, 2022; and (6) "Exhibit 3 to Defendants' Motion to Dismiss Pursuant to the Texas Citizens Participation Act" file-stamped September 19, 2022.

It does not appear that the trial court reviewed the documents with the missing pages pursuant to Texas Rule of Civil Procedure 76a. *See* Tex. R. Civ. P. 76a. There is no order from the trial court in compliance with Rule 76a(6). *See id*. 76a(6). There is no record of a hearing pursuant to Rule 76a(5). *See id*. 76a(5). If the parties wish to seal and have this court review the correct and complete documents, it is incumbent on the parties to (1) properly seal the documents in the trial court pursuant to the procedures set forth in Rule 76a, *i.e.*, file a new motion

to seal in the trial court with **complete** copies of the documents (containing all pages) to be included in the sealed supplemental clerk's record; and (2) ensure that the Harris County District Clerk provides this court with a complete sealed supplemental clerk's record, including documents containing all pages and the trial court's order granting the parties' motion to permit the complete sealed documents to be filed under seal in this court **within 60 days from this order**.

The appeal remains abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when this court determines that the complete sealed supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.


PER CURIAM


Panel Consists of Justices Wise, Spain, and Hassan.